# In the United States Court of Federal Claims

No. 19-1836C
(Filed: January 14, 2020)
**NOT FOR PUBLICATION**

| | |
|---|---|
| KEVIN OTHELL LAFERNEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Pro Se Complaint; <u>Sua Sponte</u> Dismissal for Lack of Subject Matter Jurisdiction; RCFC 12(h)(3). |

OPINION

CAMPBELL-SMITH, Judge.

On December 2, 2019, plaintiff filed a complaint with this court without payment of the court's filing fee. See ECF No. 1. On December 5, 2019, the court issued an order directing plaintiff to either pay the court's $400.00 filing fee or submit an application to proceed in forma pauperis (IFP), along with a trust fund account statement, and Prisoner Authorization Form. See ECF No. 5. On December 23, 2019, plaintiff filed a motion to proceed IFP, attaching his trust fund account statement. See ECF No. 8. On this same day, plaintiff filed a status report in which he states that he was unable to produce the Prisoner Authorization Form. See ECF No. 7. Plaintiff's motion to proceed in forma pauperis is **DENIED** and because the court lacks jurisdiction to hear this case, the court must **DISMISS** plaintiff's complaint, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

I.  Background

In his complaint, plaintiff alleges that he is "incarcerated and illegally detained in the Texas Department of Criminally Justice." Id. at 1.[1] After explaining his lack of

---

[1] Plaintiff's complaint is made against "Steve Mnuchin, Secretary of Treasury and Dean Fowler, Judge, Upshur County 115th District Court, Texas."

access to legal research, plaintiff states as follows:

> To ensure that I, the Surety, now Subrogee, am not longer considered an enemy under Trading With the Enemy Act (TWEA), and to honor the pledge of KEVIN OTHELL LAFERNEY to the public trust, I did grant, convey, and release the reversionary in the bonded birth certificate of the plaintiff to or for the account of the United States as a pledge to the Social Security account created for KEVIN OTHELL LAFERNEY Pursuant to subdivision of TITLE 50 APPENDIX 5b 12 USC 95a(2) with intent and purpose for a fullacquittance and discharge for all purposes of the grantor/surety/subrogee; and that said conveyance was done in good faith without recourse to the grantor relying on said subdivision during the administration of the conveyance. SEE EXHIBIT A.

Id. at 2.[2] Exhibit A to plaintiff's complaint is a document titled "Bill of Lading," which includes a list of documents demanded by plaintiff from "Steve Mnuchin, Secretary of Treasury." ECF No. 1-1 at 1. Plaintiff goes on to reference one constitutional provision and a number of other statutes, including: (1) the "Fourteenth Amendment to the United States Constitution;" (2) 38 Stat. 265 (possibly a reference to 12 U.S.C. § 392, titled "Depositaries of Government funds as confined to banks in Federal reserve system; member banks as depositaries"); (3) the Social Security Act; (4) "Art. 1 sec B, clause 10" (uncertain reference); (5) the "Lieber code" (possibly a reference to a document "adopted by President Lincoln after the Civil War," to "provide guidance to the Union army in distinguishing state-sanctioned militia from private armies," see United States v. Hamidullin, 114 F. Supp. 3d 365, 374 (E.D. Va. 2015)); (6) 31 U.S.C. § 3173 (uncertain reference); 40 Stat. 415 (possibly a reference to the Trading with the Enemy Act of 1917, see 2006 WL 3843101); and 15 U.S.C. § 1 (titled "Trusts, etc., in restraint of trade illegal; penalty"). See id. at 3-4.

Plaintiff also alleges that he is party to a contract with the "115th District Court, Upshur County, Texas" that— he claims—"the 115th District Court is prevented from impairing." Id. at 3. Plaintiff then seems to allege that he has transferred responsibility for the obligations of that contract to the United States:

> Having assigned reversionary interest to the United States Treasury pursuant to 12 USC 95a(2) the beneficiary in this instant action is now the United States, and all debts, specifically the debt represented by the above Court case (14309) is now an obligation of the United States pursuant to 18 USC 8.

---

[2]  The court notes that two of the statutes to which plaintiff cites do not exist. Title 50, "War and National Defense," has no section titled "Appendix 5b." Also, 12 U.S.C. § 95a is titled "Omitted," and has no content.

2

Id.[3] The relief sought by plaintiff appears to be related to this alleged contract. The section titled "Remedy Requested" states, in its entirety:

> 1)   Pursuant to the above mentioned United States Law and the Contract I have with the United States Treasury, I request a court order sent to Secretary of Treasury, Steve Mnuchin, to enforce the discharge of the debt on Cause No. 14309 IN The 115th District Court of Upshur County, Texas and order the Judge of said court to deliver my property, the defendant, for release immediately as applicable, as I am holder in due course of the certificate of title to said goods. Or,
>
> 2)   Appoint an Attorney on the grounds the Surety has no way to properly represent himself as long as he is denied access to court by the State of Texas.

Id. at 4-5.

II.   Legal Standards

The court acknowledges that plaintiff is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined the complaint to discern all of plaintiffs' claims and legal arguments.

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). If, at any point, the court finds that it lacks jurisdiction over a particular case, that case must be dismissed. See RCFC 12(h)(3).

---

[3]   In referring to 18 U.S.C. § 8, titled "Obligation or other security of the United States defined," plaintiff cites a definitional section rather than a substantive one.

III. Analysis

    A. Jurisdiction

As noted above, plaintiff's complaint references a number of statutes and at least one part of the United States Constitution. See generally ECF No. 1. Because He makes no substantive argument or coherent allegations with regard to most of them, the court does not address each one here. Instead, the court has endeavored to identify the gravamen of plaintiff's complaint, and evaluate the same in light of the court's grant of subject matter jurisdiction.

The narrative of the complaint is somewhat difficult to follow, but the central claims appear to be based on a disagreement related to a contract or agreement with a state court in Upshur County, Texas, or an official thereof. See id. at 3, 4-5. The complaint, in fact, is made against "Steve Mnuchin, Secretary of Treasury and Dean Fowler, Judge, Upshur County 115th District Court, Texas." See ECF No. 1 at 1. This court is only empowered to consider contract claims involving contracts "with the United States" 28 U.S.C. § 1491(a)(1), and therefore, cannot rule on a contract dispute involving an agreement with a state entity or an individual. See also United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that the only proper defendant in this court is the United States) (citations omitted). Plaintiff states that he has "assigned reversionary interest to the United States Treasury pursuant to 12 USC 95a(2)," which may indicate he is under the impression that he can direct his state court claims to the United States in this way. The court, however, is unaware of the procedure to which he refers, and notes that 12 U.S.C. § 95a has no content and is titled "Omitted."

In addition, to the extent that plaintiff means to argue that this court should review an action taken in connection with a state court proceeding, this court is likewise without the authority to do so. See, e.g., Potter v. United States, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."). For these reasons, the court lacks subject matter jurisdiction to consider the merits of plaintiff's complaint, and must dismiss the same pursuant to RCFC 12(h)(3).

    B. Motion to Proceed IFP

When plaintiff filed his complaint, he failed to pay the filing fee. As a result, the court directed him to either pay the fee or file a motion for leave to proceed IFP. See ECF No. 5. Specifically, the court stated:

> Plaintiff submitted the instant complaint without either the required fees or a complete IFP application and Prisoner Authorization Form. Within thirty

4

(30) days of the date of this order, Plaintiff is ordered to either **PAY** the **$400.00** in required fees or **SUBMIT** the enclosed **IFP application**, trust fund account statement, and Prisoner Authorization Form.

If plaintiff fails to comply with this order within thirty (30) days, this action will be dismissed without prejudice for failure to prosecute under Rule 41 of Rules of the United States Court of Federal Claims.

Id. at 2 (footnote omitted).

Plaintiff responded by filing a motion for leave to proceed IFP, but his application to do so was incomplete because it did not include a prisoner authorization form giving the court permission to deduct the filing fee from his prisoner trust account. See ECF No. 8. Plaintiff was cognizant of this deficiency, and filed a status report explaining that the law librarian at the prison refused to include the form when mailing the other IFP application materials. See ECF No. 7. The court cannot judge the veracity of this statement, but in any case will not grant the motion for leave to proceed IFP without a prisoner authorization form. For this reason, plaintiff's motion for leave to proceed IFP, ECF No. 8, is denied.

C. Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

[w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631 (2012). "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already determined that it lacks jurisdiction over plaintiff's claims. The court, however, does not have enough information to determine that another court would have jurisdiction as the complaint is simply too incoherent and seemingly frivolous, to allow for such an analysis.

For these reasons, transfer is not in the interest of justice. If plaintiff believes he has a viable claim that can be heard in another forum, he may pursue such a case independently.

IV. Conclusion

For the foregoing reasons, the court does not have the authority to exercise subject matter jurisdiction over the claims in plaintiff's complaint. Accordingly,

(1) Plaintiff's motion to proceed in forma pauperis, ECF No. 8, is **DENIED**;

(2) The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint, pursuant to RCFC 12(h)(3) without prejudice; and

(3) The clerk's office is directed to **REJECT** any future filings received from plaintiff not in accordance with this court's rules.

IT IS SO ORDERED.

*Patricia E Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge